CHARLES T. GRAY and MARY A. GRAY, d. b. a., *vs.* JOHN H. GRAY, p. b. r.

1. JUSTICES OF THE PEACE—APPEAL—TRIAL OF CAUSE ANEW.

Where an appeal from the judgment of a justice of the peace is tried anew to a jury, the finding of the justice cannot be considered by the jury

2. PRINCIPAL AND AGENT—EXECUTION OF NOTE—SIGNATURE BY AGENT—LIABILITY OF PRINCIPAL.

Where a party's name is signed to a note by another under a special or general authority, such party is liable on the note.

3. BILLS AND NOTES—PLEADING—VARIANCE—PARTIES.

In an action against two defendants on their joint note, if it is shown that one of them neither signed it nor authorized or ratified the signing, plaintiff cannot recover against the other alone.

4. PRINCIPAL AND AGENT—ACTION—QUESTION FOR JURY.

Evidence in an action on a joint note as to whether one of the defendants had authority to sign the note sued upon is for the jury, who are the sole judges of its weight and value.

5. EVIDENCE—WEIGHT AND SUFFICIENCY—CREDIBILITY OF WITNESSES.

Where the evidence is conflicting, the jury should reconcile it, if they can do so; but where that is impossible, they may accept that which they deem the more worthy of credit.

6. EVIDENCE—WEIGHT AND SUFFICIENCY—PREPONDERANCE OF EVIDENCE.

In civil cases the verdict is to be reached upon a preponderance of the evidence; the doctrine of reasonable doubt being inapplicable in civil cases.

(*February* 13, 1911.)

PENNEWILL, C. J., and CONRAD and BOYCE, J. J., sitting.

*Robert C. White and James M. Tunnell* for appellant.

*John M. Richardson* for respondent.

Superior Court, Sussex County, February Term, 1911.

APPEAL from a judgment rendered by a justice of the peace.

Action on a joint promissory note. When the case was called to trial, having been pleaded to issue, Mr. Richardson, for respondent, moved to dismiss the appeal, on the ground that one of the defendants took the appeal and gave surety as follows: "On the twenty-eighth day of September, 1908, the said Mary A. Gray appeals and C. P. Swayne and John T. Records become sureties * * * in the sum of * * * that the said appeal shall be prosecuted with effect, and also that any judgment which shall be rendered against the said Mary A. Gray or her executors or administrators upon said appeal shall be satisfied"—contending that while the judgment rendered below was against Charles T.

Gray and Mary A. Gray the appeal was taken in the name of one, viz., Mary A. Gray, and was not such an appeal as was required by the statute, and therefore the court was without jurisdiction, to hear and determine the case. *Section 25, p. 754, Rev. Code.*

PENNEWILL, C. J., delivering the opinion of the court:

We are not at all clear that this is a jurisdictional matter. At any rate, the case having been pleaded to issue and the parties being now ready for trial, we direct that the trial proceed.

The case then proceeded to trial. The action was upon a promissory note for $100 which was signed C. T. and M. A. Gray, who were at the time husband and wife. Before the action was brought, however, the wife had been divorced from her husband. C. T. Gray testified that he signed the note at the time it was executed for himself and for his wife, under and by her general authority; that he had carried on business in the name of the defendants in the judgment, with the knowledge and consent of his wife. M. A. Gray testified that some fifteen years before, for about a year, the business had been carried on in the name of both, but that the business was closed out and she had since often protested against the use of her name by her husband upon notes and other papers, and denied that she had authorized him to sign her name to the note sued upon, or any other note, and that the same was signed without her knowledge or consent.

BOYCE, J., charging the jury:

[1] Gentlemen of the jury:—This is an action on a promissory note on appeal from a justice of the peace of this county. Your verdict should be based upon the evidence adduced before you here, and you should not consider the finding of the justice. You have nothing whatever to do with that. The case is to be tried by you anew, the same as if the action had been brought here in the first instance.

The note sued upon is as follows:

"Seaford, Del., May 29, 1908.

"Three months after date I promise to pay to the order of

J. H. Gray at the Sussex National Bank of Seaford one hundred dollars, without defalcation for value received.

"C. T. and M. A. Gray."

M. A. Gray, one of the alleged makers of the note and one of the defendants in this action, denies that she signed the note, or that she ever authorized Charles T. Gray, the other of the defendants, to sign the note for her, or that she ever ratified the act of Charles T. Gray.

It is admitted by the plaintiff that he did not see M. A. Gray sign the note, and C. T. Gray admits that he signed it for himself and that M. A. Gray did not sign it, but that he signed her name to the note for and on her behalf by her authority and consent.

These are the contentions of the parties. No person, so far as we know, saw this note signed. Certainly the plaintiff admits that he did not see it signed, and one of the defendants, C. T. Gray, has testified before you that he signed both names to the note, signing for himself and also for his wife, by her authority and consent.

There is no contention before you that this note has been paid. It is not denied by any evidence before you that the note is due and owing. The particular question for you to determine is the execution of the note; whether it was executed by both of the parties whose names were signed thereto. Charles T. Gray is not resisting a recovery in this action, but Mary A. Gray is. Her defense is that she is not liable on the note on the ground as alleged by her; that she neither signed the note nor authorized C. T. Gray to sign it for her.

[2, 3] We say to you, if Charles T. Gray signed the name of Mary A. Gray to the note by her special or general authority, the plaintiff is entitled to a recovery on the note. If, however, the name of M. A. Gray was signed to the note without her special or general authority, then your verdict should be for the defendant; because, if you should find that she did not sign the note, or authorize or ratify the signing of the same, the action being against both, you should not in that event return a verdict in favor of the plaintiff.

Charge—Verdict.

[4, 5] Whether Charles T. Gray had special or general authority to sign the note sued upon you should determine from all the evidence adduced before you. You are the sole judges of the evidence, of its weight and its value. In cases like this, where there is conflict of testimony, you should reconcile it if you can; if you cannot, it is within your province to believe the testimony which you deem to be worthy of credit, and reject that which you may deem to be unworthy of credit.

[6] In civil cases, such as this is, you are to reach your verdict from a preponderance of the evidence. Reasonable doubt does not apply in civil cases, but whichever way you find the evidence to preponderate, that is the way your verdict should be. The note, which is for $100, has been read in your hearing and you will have it before you. If you find for the plaintiff, his counsel claims that there is due to-day $116.02. If you should not find for the plaintiff, then your verdict will simply be that you find for the defendants.

Verdict for the defendants.